TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Lemberg Law, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Brittney Waterman

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Brittney Waterman,<br><br>           Plaintiff,<br><br>     vs.<br><br>Ascension Law Group, PC; and DOES 1-10, inclusive,<br><br>           Defendants. | Case No.: **'14CV2821 CAB BLM**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *ET SEQ.*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Brittney Waterman, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and repeated violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Brittney Waterman (hereafter "Plaintiff"), is an adult individual residing at Oceanside, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Ascension Law Group, PC (hereafter "Ascension"), is a company with an address of 2030 East 4th Street, Suite 205, Santa Ana, California 92705, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Ascension and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Ascension at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A.      **The Debt**

8.      Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor, WebBank/Lending Club (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Ascension for collection, or Ascension was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B.      **Ascension Engages in Harassment and Abusive Tactics**

12.     Within the last year, Ascension contacted Plaintiff in an attempt to collect the Debt.

13. On or about October 20, 2014, Plaintiff received an email at her work email address from Ascension with the subject line "****NOTICE OF INTENT TO SUE****." The email contained a letter as an attachment from Ascension entitled "Notice of Intent of Legal Action." The letter was addressed to an individual other than Plaintiff, Susan A. Rodriguez.

14. After Plaintiff informed Ascension that it had sent a third party's letter to her, Ascension sent Plaintiff another letter entitled "Notice of Intent of Legal Action."

15. The letter was a notice of Ascension's intent to sue Plaintiff with a right to dispute clause in it.

16. Ascension's letter overshadowed Plaintiff's right to dispute the Debt within 30 days of receipt of the letter.

17. Prior to October 20, 2014, Plaintiff had never seen or received Ascension's "Notice of Intent of Legal Action."

18. Ascension's "Notice of Intent of Legal Action" was addressed to an incorrect, outdated address for Plaintiff.

19. Ascension was aware of Plaintiff's correct address, yet it never attempted to send its "Notice of Intent of Legal Action" to her correct address.

20. The very next day, October 21, 2014, Ascension sent another email to Plaintiff's work email address, indicating that Plaintiff's account was being forwarded to the litigation department and wishing Plaintiff "good luck."

21. Ascension's October 21, 2014 email similarly overshadowed Plaintiff's right to dispute the Debt within 30 days of receipt of the letter.

22. Plaintiff responded to Ascension's email that same day, October 21, 2014, stating that she had sent a written request for validation of the Debt and instructing Ascension to cease all emails to her work email address and to try calling first.

23. Despite Plaintiff's unequivocal, written request, Ascension sent yet another email to Plaintiff's work email address that same day, October 21, 2014. Ascension's email again overshadowed Plaintiff's right to dispute the Debt within 30 days of receipt of the letter.

24. Thereafter, on or about October 31, 2014, and November 4, 2014, Ascension contacted Plaintiff by telephone, even though Plaintiff made Ascension fully aware that she was disputing the Debt. Ascension's actions once again overshadowed Plaintiff's right to dispute the Debt within 30 days of receipt of the letter.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

27. Defendant contacted the Plaintiff at her place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

28. Defendant contacted the Plaintiff at her work email address after receiving written notification that Plaintiff wanted Defendant to cease communication at her work email address, in violation of 15 U.S.C. § 1692c(c).

29. Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

30. Defendant used false, deceptive, or misleading representation or means to collect the debt, in violation of 15 U.S.C. § 1692e.

31. Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

32. Defendant used an unfair and unconscionable means to collect the debt, in violation of 15 U.S.C. § 1692f.

33. Defendant repeatedly overshadowed Plaintiff's right to dispute the Debt within 30 days of the initial contact, in violation of 15 U.S.C. § 1692g(b).

34. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.*

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

38. Ascension, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

39. Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

40. Defendants did not comply with the provisions of Title 15, § 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

41. Plaintiff is entitled to damages as a result of the Defendants' violations.

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  November 26, 2014                    TRINETTE G. KENT

By: _/s/  Trinette G. Kent_
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Brittney Waterman